IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01434-BNB

JEFFREY S. WALKER,

    Plaintiff,

v.

MESA COUNTY DISTRICT COURT,
JUDGE JOHN McMULLEN,
JUDGE VALERIE ROBISON,
SHERIFF, Mesa County Detention Facility, and
MESA COUNTY DISTRICT ATTORNEY,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Jeffrey S. Walker, currently is held at the Mesa County Detention Facility in Grand Junction, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Complaint will be dismissed for the following reasons.

    Plaintiff sets forth three claims. In Claim One, Plaintiff asserts that his Eighth and Fourteenth Amendment rights are being violated because the Mesa County District Court did not modify the work-release portion of his sentence and as a result he now has been detained longer than statutorily permissible under Colo. Rev. Stat. § 18-1.3-202(1). In Claim Two, Plaintiff asserts that the Mesa County Jail illegally incarcerated him after his November 2, 2012 sentencing hearing because rather than his work release being on hold due to the unavailability of a work-release bed, as was stated on his hold order, the work release facility found Plaintiff unacceptable for the program. Plaintiff contends that the denial of a work-release placement resulted in his being

incarcerated beyond the statutory time limits stated in Colo. Rev. Stat § 18-1.3-202.  In Claim Three, Plaintiff asserts that the state court ordered the work release facility to accept him, even though he has a medical disability and is not able to work full-time, and as a result he could not succeed in the work-release program and was returned to jail.  Plaintiff further contends that now he has been incarcerated for over 150 days, which is a  violation of Colo. Rev. Stat. § 18-1.3-202.  Plaintiff seeks money damages.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Plaintiff does not allege that he was deprived of life or property as a result of the denial of work-release placement.  He, therefore, is entitled to procedural protections only if he was deprived of a liberty interest.  The existence of a liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

There is a liberty interest in avoiding particular conditions of confinement under *Sandin v. Conner*, 515 U.S. 472 (1995).  An inmate enjoys a liberty interest under the Due Process Clause to be free from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.  In considering whether the Jail has imposed an atypical and significant hardship on Plaintiff, the Court considers the conditions of confinement, including both the duration and degree of restrictions as compared with other inmates.  *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Plaintiff's sentence is five years of ISP and eighteen months of work release.  Plaintiff's ineligibility to participate in the work-release program, however, does not implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty.  *See Meachum*, 427 U.S. at 225; *Templeman*, 16 F.3d at 369.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.  Because Plaintiff does not have a liberty interest in a work release program, the denial of his acceptance to the program, *per se*, does not state a violation of his constitutional rights and is legally frivolous.

Furthermore, Plaintiff's claims for damages based on his alleged illegal incarceration will be dismissed for the reasons stated below.

Plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.

Based on Plaintiff's description of the nature of this case, it is apparent that he has not invalidated the alleged illegal incarceration.  The Court, therefore, finds that Plaintiff's claims challenging the validity of his incarceration are barred by the rule in

*Heck* and must be dismissed.  Although *Heck* claims are dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they are dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

Plaintiff's Complaint also is subject to other deficiencies.  First, Defendant Judge Valerie Robison is absolutely immune from liability in civil rights suits when she acts in her judicial capacity, unless she acts in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judge Robison was acting in her judicial capacity when she denied Plaintiff's motion to modify his sentence and would not release him from jail.  Therefore, the claims Plaintiff asserts against Judge Robison are barred by absolute judicial immunity.

Second, Defendant Mesa County District Attorney enjoys immunity from suit under 42 U.S.C. § 1983.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976).  Plaintiff's allegations against the District Attorney involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).  Therefore, Defendant District Attorney is an inappropriate party to this action based on absolute immunity.

Third, the State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep' t of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well

established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Defendant Mesa County District Court, a judicial district court, is considered a state constitutional court under Colo. Const. art. VI, § 10, and therefore is immune from suit under the Eleventh Amendment.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and in part for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 28th day of June, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court